# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**GABRIEL GONZALEZ**                                                                 **PLAINTIFF**
Reg. #30515-112

v.                          No: 4:19-cv-00881 DPM-PSH

**UNITED STATES OF AMERICA**                                              **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following Recommendation has been sent to Chief United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Gabriel Gonzalez filed a *pro se* complaint on December 9, 2019, while incarcerated at the Forrest City Low Federal Correctional Institution (Doc. No. 2). Gonzalez was ordered to file an amended complaint to clarify his claims, specifically to clarify whether he sues solely under the Federal Tort Claims Act

(FTCA) or also intends to raise constitutional claims.[1] Doc. No. 5. Gonzalez subsequently filed an amended complaint clarifying that he sues solely under the FTCA. Doc. No. 6. For the reasons stated herein, Gonzalez's claims are barred by the United States' sovereign immunity and should be dismissed for lack of subject matter jurisdiction.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." A claim fails to state a claim upon which relief may be granted if it does not allege

---

[1] In its Order instructing Gonzalez to amend his complaint, the Court noted that he mentioned access to the courts in his original complaint. *See* Doc. No. 5 n. 1. The Court explained that violations of the U.S. Constitution may be raised against federal officials in a *Bivens* claim, but those claims do not reach every constitutional violation. *See id.* ("However, the Supreme Court has only recognized a *Bivens* remedy in the context of a Fourth Amendment search and seizure claim, a Fifth Amendment gender discrimination claim, and an Eighth Amendment medical care claim. *See Ziglar v. Abbasi*, 137 S.Ct. 1843, 1854-1855 (2017). Expanding *Bivens* claims to other contexts is disfavored. *Id.* at 1857 . . .").

"enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

## II. Analysis

Gonzalez alleges that certain personal property, including legal papers and materials, were confiscated and disposed of in November 2018 by the prison's property search team. *See* Doc. No. 6 at 3-4. He also complains that his property was taken as a means of mass punishment in response to the actions of other inmates. *Id.* at 6. Gonzalez seeks an award of $5 million.

Absent a waiver, sovereign immunity shields the federal government and its agencies from suit. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994); *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011). Sovereign immunity is jurisdictional in nature, *Meyer*, 510 U.S. at 475, and the "terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit," *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA is a limited waiver of sovereign immunity and permits lawsuits against the United States for the torts of its employees under limited circumstances. *See* 28 U.S.C. § 1346(b)(1); *Mader*, 654 F.3d at 797. This waiver is subject to certain procedural requirements and exceptions.

Pertinent to this case is the exception found in 28 U.S.C. § 2680(c), which provides that sovereign immunity is not waived for "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by . . . any other law enforcement officer . . .". In *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 228 (2008), the United States Supreme Court held that the phrase "any other law enforcement officer" covers all law enforcement officers, including Bureau of Prison officers. The Supreme Court noted "that § 2680(c), far from maintaining sovereign immunity for the entire universe of claims against law enforcement officers, does so only for claims 'arising in respect of' the 'detention' of property." *Id.*[2]

Because Gonzalez's FTCA claim is premised on the retention and destruction of his personal property by prison officers, his claim is barred by the United States' sovereign immunity and should be dismissed without prejudice.

---

[2] *Ali* concerned a claim brought by a prisoner who alleged that certain items of his personal property were lost after BOP employees handled them during his transfer from a federal prison in Georgia to a federal prison in Kentucky. *See also Antonelli v. Marquez*, No. 2:08CV00003 JMM/HDY, 2008 WL 2782705, at *9 (E.D. Ark. July 14, 2008) (plaintiff's claim based on loss and/or damage to personal property during a transfer from one federal prison to another barred by 28 U.S.C. § 2680(c)); *Jackson v. Santini*, No. 15-CV-3151 (PJS/TNL), 2016 WL 11198352, at *4 (D. Minn. Nov. 10, 2016) (Plaintiff's FTCA claim that BOP employees took certain items belonging to Plaintiff following a unitwide sweep fails as a matter of law); *Butler v. United States*, No. 09–cv–147 (PAM/AJB), 2009 WL 3028902, at *3 (D. Minn. Sept. 17, 2009) (FTCA does not apply to claims based on allegations that BOP employees detained, lost, stole, damaged or destroyed plaintiff's personal property).

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Gonzalez's complaint be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B).

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).[3]

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 18th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] The PLRA's three-strikes provision states that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).